CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 2 3 2007
JOHN F. CORCORAN, CLERK
BY: /s/ 
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH SHANNON SMITH,<br>　　　Petitioner, | )<br>)<br>) Civil Action No. 7:07-cv-00390 |
| v. | ) <br>) **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA,<br>　　　Respondent. | )<br>) By: Hon. James C. Turk<br>) Senior United States District Judge |

　　　　Petitioner Joseph Shannon Smith, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of coram nobis, seeking relief from a criminal judgment entered against him in 1997 by the Circuit Court for Pittsylvania County, Virginia. Upon review of the petition and the court's records, however, the court finds it appropriate to construe and dismiss Smith's petition as a second or successive petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(b).

I

　　　　Smith challenges the validity of convictions entered against him in December 1997 by the Circuit Court for Pittsylvania County for second-degree murder, grand larceny, and use of a firearm in the commission of a felony. For these convictions, related to the December 1995 shooting of Clark Aubrey Adkins, the court sentenced Smith to a total of 63 years imprisonment. Smith exhausted his state court appeals on April 8, 1999. State habeas proceedings concluded on July 17, 2001. In September 2003, Smith filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this court, Case No. 7:03-cv-00687. The court dismissed the petition by opinion and order entered September 29, 2004. Smith appealed, and the United States Court of Appeals for the Fourth Circuit dismissed his appeal by order entered May 10, 2005.

　　　　In June 2005, Smith apparently began pursuing state court orders to obtain additional testing of biological evidence from the criminal case against him. He also indicates that he attempted to file a petition for a writ of coram nobis in the Supreme Court of Virginia, but that the Court refused to file the petition for lack of jurisdiction.

Dockets.Justia.com

In his federal petition, Smith alleges that he is entitled to a writ of coram nobis on numerous, overlapping grounds, including:

- The Commonwealth's case against him was "riddled with manufactured evidence and perjury, that it so imbued the true ends of justice;"

- The Commonwealth knowingly allowed perjured testimony by co-defendant Paul Michael Dalton, Jr., Investigator/Crime Scene Investigator James C. Lipscomb, Jr., and Paulina Foust to be admitted against petitioner.

- The Commonwealth mishandled Evidence Item #37 (a piece of blood-stained cloth found in a parking area) and failed to have it fully tested, when such tests might have produced evidence in support of petitioner's alibi defense.

All of these claims center around Smith's allegation that for ten years after the trial, the prosecutor concealed an analysis report on Evidence Item #37. Smith also makes other complaints about events that occurred during his state court criminal proceedings in 1997 and about the disposition of a motion for DNA testing that he filed much later in the state courts. Smith says that he has always maintained his innocence and that the evidence concealed by the prosecutor would have allowed him to show that perjured testimony and false evidence were used to convict him.

II

The ancient writ of coram nobis, brought under the All Writs Act, 28 U.S.C. § 1651 (West 1994), survives in the criminal law context as an a "extraordinary remedy [to be allowed] only under circumstances compelling such action to achieve justice." See United States v. Morgan, 346 U.S. 502, 511 (1954). This writ was "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." Carlisle v. United States, 517 U.S. 416, 428 (1996) (citation omitted). Smith does not present any material factual errors of this fundamental nature related to his criminal conviction and sentence.

Moreover, the All Writs Act is "a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id., quoting Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985). The fact that a petitioner

2

is barred for procedural reasons from proceeding under the intended statutory authority does not render the All Writs Act controlling authority for petitioner's claims of an illegal sentence. Carlisle, 517 U.S. at 429. Section 2254 provides that a person confined under the judgment of a state court may petition a federal district court for habeas relief on grounds that he is confined in violation of the constitution or laws of the United States.

Smith is still in custody pursuant to the judgment of a state court and all of his claims challenge the validity of that confinement. Because his claims would thus have been cognizable in a § 2254 motion, that statute remains the controlling authority for these current claims. Smith cannot circumvent procedural requirements governing § 2254 by styling his pleading as a petition for a writ of coram nobis under § 1651. Accordingly, the court finds that Smith is not entitled to relief under § 1651, and that his petition is properly construed as a § 2254 petition.

As stated, court records indicate that Smith has previously filed a § 2254 petition in this court, Case No. 7:03-cv-00687, concerning the same convictions and sentences that he challenges in the instant petition. Thus, Smith's current petition is a subsequent one, falling under the successive petition provisions of the federal habeas statutes in 28 U.S.C. § 2244(b)(2). Pursuant to this section, a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria justifying authorization of a second § 2254 petition. Id. In fact, new evidence of the type that Smith claims to have is one possible ground on which certification for a second § 2254 petition might be granted. See § 2244(b)(2)(B). Smith does not present any evidence that he has obtained certification by the Court of Appeals to raise his current claims in a second § 2254 petition. Accordingly, the court must dismiss the petition without prejudice as successive.[*]

---

[*] A Fourth Circuit form and instructions for filing a request for certification to file a subsequent petition are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253( c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying final order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 14th day of August, 2007.

/s/ James C. Turk
Senior United States District Judge